IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CASE NO. 1:23-cv-00605 |
| v. | ) ) **COMPLAINT** ) |
| FRICKER'S U.S.A., LLC, | ) Jury Trial Demanded ) |
| Defendant, | ) ) |
| and | ) ) |
| FRICKER'S HOLDING COMPANY, INC., | ) ) |
| Defendant. | ) |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices because of sex and to secure appropriate relief for Isaiah E. Hughes and a class of individuals who were denied employment and/or steered to certain jobs because of sex. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendants Fricker's U.S.A., LLC, and Fricker's Holding Company, Inc., have had, and continue to have, a policy and practice of hiring female employees for front-of-house restaurant positions and steering male applicants to back-of-house restaurant positions because of sex in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (f)(3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division at Dayton, as well as other jurisdictions.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action pursuant to Sections 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) & (f)(3).

4. Defendant Fricker's U.S.A., LLC, is a limited liability company organized under the laws of the State of Ohio and, at all relevant times, has conducted business in the State of Ohio and has had its principal place of business in the County of Montgomery.

5. Defendant Fricker's Holding Company, Inc., is a corporation organized under the laws of the State of Ohio and, at all relevant times, has conducted business directly and through its subsidiaries in the State of Ohio and has had its principal place of business in the County of Montgomery.

6. At all relevant times, Defendants, as an integrated enterprise as set forth in more detail in Paragraphs 13-16 below, have continuously had at least 15 employees.

7. At all relevant times, Defendants, as an integrated enterprise as set forth in more detail in Paragraphs 13-16 below, have continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) & (h).

## ADMINISTRATIVE PROCEDURES

8. On October 3, 2019, more than thirty days prior to the institution of this lawsuit, Charging Party Isaiah E. Hughes filed a charge with the Commission alleging that Fricker's violated Title VII.

9. On April 20, 2023, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Defendants violated Title VII and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. Between May 1, 2023, and July 6, 2023, the Commission engaged in communications with Defendants to provide the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. On July 6, 2023, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

### Defendants' Corporate Structure

13. Defendants are a family-run business that owns and operates, directly and through their subsidiaries and franchises, a chain of 24 restaurants in Ohio, Indiana, and Michigan under the tradename "Fricker's."

14. Eighteen of the Fricker's restaurants are company-owned restaurants.

15. The 18 company-owned restaurants are owned and/or operated by 18 individual limited liability companies ("the 18 LLCs").

16. At all relevant times, Fricker's U.S.A., LLC, Fricker's Holding Company, Inc., and the 18 LLCs have operated as an integrated enterprise or single employer by virtue of their common management, the interrelations of their operations, the centralized control over their labor relations, and/or their common ownership, as set forth below:

   a. Fricker's U.S.A., LLC, and the 18 LLCs are wholly owned by Fricker's Holding Company;

   b. Defendants and the 18 LLCs operate under the common management of Chief Executive Officer/President Andrew Frick; Chief Visionary Officer Amanda Frick; Chief Operating Officer April Baker; and Chief Financial Officer/Treasurer Darlene Robinson;

4

   c. Officers Andrew Frick and Amanda Frick are also shareholders and directors of Fricker's Holding Company;

   d. Defendants share a central business office located at 228 Byers Road, Suite 100, in Miamisburg, Ohio, which is wholly managed by Fricker's U.S.A., LLC;

   e. Fricker's U.S.A., LLC, manages each of the 18 company-owned restaurants, including employing the managers of the restaurants;

   f. Fricker's U.S.A., LLC, provides human resources services and processes payroll for the 18 company-owned restaurants; and

   g. Fricker's U.S.A., LLC, writes employee policies and procedures for the 18 company-owned restaurants to utilize.

17. Six of the Fricker's restaurants are franchisee-owned restaurants.

18. The six franchise restaurants are owned and/or operated by individual limited liability companies that employ non-management (hourly) employees for their respective restaurants.

19. At all relevant times, Fricker's U.S.A., LLC, has been a joint employer of the hourly employees employed by at least four of the franchise restaurants (the West Chester, Van Wert, Fremont, and Defiance locations), by virtue of sharing or co-determining those matters governing essential terms and conditions of employment, as set forth below:

   a. Fricker's U.S.A., LLC, manages the franchise restaurants, including day-to-day operations;

5

  b. Fricker's U.S.A., LLC, employs the managers for the franchise restaurants;

  c. The managers hire, discipline, terminate, direct, and supervise the hourly employees of the franchise restaurants;

  d. Fricker's U.S.A., LLC, provides human resources services and processes payroll for the franchise restaurants; and

  e. Fricker's U.S.A., LLC, writes and effectuates employee policies and procedures for the franchise restaurants.

Defendants' Hiring Practices

20. The Fricker's restaurants are family-friendly, casual dining restaurants with sports bars that offer televised sports, children's games, and a "kids eat free all the time" policy.

21. The Fricker's restaurants are full-service restaurants that employ servers, hosts, and bartenders to work in the "front of the house."

22. The Fricker's restaurants also employ cooks, dishwashers, expediters (also known as expos), and other positions in the restaurant kitchen, which is referred to as the "back of the house."

23. Since its founding in 1985, Fricker's has had a policy and practice to hire only female employees for its front-of-house staff.

24. Fricker's policy and practice prohibit males from being hired for server, bartender, and host positions.

25. Fricker's hires male employees for back-of-house and management

positions.

26. Defendants instruct and train managers on the females-only hiring practice for front-of-house positions.

27. Fricker's managers, employed by Fricker's U.S.A., LLC, implement the females-only hiring practice for front-of-house positions in the 18 company-owned restaurants and in at least four of the six franchise restaurants.

28. Defendants instruct and expect all six franchise restaurants to implement the females-only hiring practice for front-of-house positions.

## STATEMENT OF CLAIM

(Title VII – Sex Discrimination in Hiring and Transfers)

29. Since at least February 1, 2018, Defendants have engaged in unlawful employment practices in violation of Sections 703(a)(1) and (a)(2) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and (a)(2), by denying Charging Party and a class of aggrieved individuals hire and/or transfer to front-of-house positions because of their sex and by steering Charging Party and a class of aggrieved individuals to back-of-house positions because of their sex. Defendants' unlawful employment practices include but are not limited to:

    a. Refusing to hire Charging Party Isaiah Hughes and a class of male applicants to front-of-house positions because of sex;

    b. Refusing to transfer Charging Party Isaiah Hughes and a class of male employees to front-of-house positions because of sex;

    c. Deterring and discouraging a class of male employees from seeking

7

  transfer to front-of-house positions in response to their efforts to apply or inquire about job openings because of their sex;

 d. Deterring and discouraging a class of male applicants from applying for front-of-house positions because of their sex;

 e. Steering Isaiah Hughes and a class of male applicants to back-of-house positions because of their sex;

 f. Favoring female job applicants over male job applicants for server, host, bartender, and other front-of-house positions in all Fricker's locations because of their sex; and,

 g. Favoring female employees over male employees for transfer to server, host, bartender, and other front-of-house positions in all Fricker's locations because of their sex.

30. In July 2019, Charging Party Isaiah E. Hughes submitted an online application in response to a job posting for a server position at Fricker's Middletown, Ohio, restaurant.

31. In response to Hughes' application, a manager invited Hughes to interview, at which time the manager informed Hughes that Fricker's does not hire males for any front-of-house positions.

32. During Hughes' interview, the manager asked Hughes if he would be interested in a back-of-house position and asked him to complete an application for a cook position.

33. Hughes complied with the request to complete the application for the

8

cook position and accepted an offer to work as a cook, with the hopes that he could eventually move to a server position.

34. Despite accepting an offer for a cook position, Hughes was assigned to wash dishes.

35. During his employment, Hughes complained about his assignment to the dishwashing position and inquired about moving to a server position, but he was never offered the server position.

36. In August 2019, Charging Party called the Fricker's restaurant in North College Hill, Ohio, to inquire about the server position and was told that Fricker's does not hire males for the server position.

37. A regional manager over the Defiance, Findlay, Van Wert, and Bowling Green locations states that when a male applies for a front-of-house position, managers will ask the applicant if he would be interested in a back-of-house position.

38. A general manager of the Middletown location states that if a male calls in regarding a front-of-house position, he steers the male to a back-of-house position.

39. A manager of the Sylvania location states that if a male applies for a front-of-house position, she calls him to see if he would be interested in a back-of-house position.

40. Defendant's human resources manager states that Fricker's managers are trained on the practice of exclusively hiring females for front-of-house positions

and that males are prohibited from being employed as a front-of-house employee.

41.    The effects of the practices complained of in the foregoing paragraphs has been to deprive Charging Party and a class of male applicants and employees of equal employment opportunities and otherwise adversely affect their status because of their sex.

42.    The unlawful employment practices complained of in the foregoing paragraphs were and are intentional.

43.    The unlawful employment practices complained of in the foregoing paragraphs were and are done with malice or with reckless indifference to the federally protected rights of Charging Party and a class of male applicants and employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from engaging in sex discrimination, including refusal to hire based on sex and steering based on sex.

B.    Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities and that eradicate the effects of their past and present unlawful employment practices.

C.    Order Defendants to make Hughes whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other

affirmative relief necessary to eradicate the effects of their unlawful employment practice, including but not limited to instatement or front pay in lieu thereof.

  D. Order Defendants to make whole a class of aggrieved male applicants and employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to instatement or front pay in lieu thereof.

  E. Order Defendants to make Hughes whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, mental anguish, loss of enjoyment of life, loss of self-esteem, embarrassment, and inconvenience, in amounts to be determined at trial.

  F. Order Defendants to make whole a class of aggrieved male applicants and employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, mental anguish, loss of enjoyment of life, loss of self-esteem, embarrassment, and inconvenience, in amounts to be determined at trial.

  G. Order Defendants to pay Hughes punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

  H. Order Defendants to pay a class of aggrieved male applicants and employees punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

I.    Grant such further relief as the Court deems necessary and proper in the public interest.

J.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    GWENDOLYN YOUNG REAMS
    Acting General Counsel

    CHRISTOPHER LAGE
    Deputy General Counsel

    U.S. EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    131 M. Street, N.E.
    Washington, D.C. 20507


    KENNETH L. BIRD
    Regional Attorney

    NANCY D. EDMONDS
    Assistant Regional Attorney


    /s/ Alysia Robben
    Alysia Robben, Trial Attorney
    U.S. EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    Louisville Area Office
    600 Dr. Martin Luther King Jr. Place
    Suite 268
    Louisville, Kentucky 40202
    (502) 694-3976 (direct)
    (502) 582-5435 (fax)
    alysia.robben@eeoc.gov